IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ANGELICA BELLADONA, | ) | |
| | ) | Civil Action |
|   Plaintiff, | ) | No. |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| THE WESTERN AND SOUTHERN LIFE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
|   Defendant. | ) | |

_____

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, Angelica Belladona, by and through undersigned counsel, and files this Complaint for Damages, pursuant to the Fair Labor Standards Act, as amended ("FLSA") against Defendant The Western and Southern Life Insurance Company ("Defendant"), and states as follows:

### JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331.

2.

1

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## PARTIES

3.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

4.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto, has conducted business within this District.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its agent for service, Linda Banks, c/o CT Corporation System, 289 South Culver St., Lawrenceville, Georgia 30046.

## FACTUAL ALLEGATIONS

6.

Defendant has now, and at all times relevant hereto, has been an employer subject to the FLSA.

7.

From approximately August 11, 2017, to now, Plaintiff has been employed by Defendant. From approximately late 2022/early 2023, Plaintiff has been employed by Defendant with the job title Business Systems Supervisor.

8.

Throughout Plaintiff's employment in the business systems position, Defendant misclassified Plaintiff as exempt from overtime.

9.

Throughout Plaintiff's employment in the business systems position, Plaintiff's primary duty was the performance of non-exempt work, specifically serving as IT support for basic troubleshooting of hardware and software issues for Defendant's employees.

10.

Throughout much of her employment with Defendant in the business systems position, Plaintiff regularly worked in excess of 40 hours in given workweeks, without receiving overtime compensation, calculated at one and one half times her regular rate of pay.

11.

Throughout Plaintiff's employment in the business systems position, Plaintiff

was paid on a salary basis, without overtime compensation, for hours worked in excess of 40 in workweeks.

12.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

13.

Throughout Plaintiff's employment with Defendant in the business systems position, Defendant suffered or permitted Plaintiff to regularly work in excess of 40 hours in given workweeks without receiving overtime compensation.

## Count I - Violation of the Overtime Wage Requirement of the Fair Labor Standards Act

14.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

15.

Defendant has violated the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207, by failing to pay overtime wages for hours Plaintiff worked in excess of (40) hours in given workweeks.

4

16.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of (40) hours in a workweek.

17.

Defendant knew or had reason to know Plaintiff regularly worked over 40 hours in workweeks without overtime compensation.

18.

Defendant's actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

19.

Defendant knew, or showed reckless disregard for the fact that Defendant failed to pay Plaintiff overtime compensation in violation of the FLSA.

20.

Defendant's violations of the FLSA were willful and in bad faith.

21.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff is entitled to recover the

unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

**WHEREFORE**, Plaintiff judgment as follows:

(A) Grant Plaintiff a trial by jury as to all triable issues of fact;

(B) Enter judgment against Defendant and awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and

(C) Grant Plaintiff leave to add additional state law claims if necessary; and;

(D) Award Plaintiff such further and additional relief as may be just and appropriate.

This 13th day of January, 2025.

**THE WORKERS' FIRM**

*/s/ V. Severin Roberts, Esq*
V. Severin Roberts
Georgia Bar No. 940504
Patrick Reid
Georgia Bar No. 888769
The Workers' Firm

6

2 20th St. North Suite 900
Birmingham, AL 35203
(404)-382-9660
severin@theworkersfirm.com
patrick@theworkersfirm.com

Counsel for Plaintiff